## APPOINTMENT OF DEPUTY CORONER FOR CUYAHOGA COUNTY INVALID.

Circuit Court of Cuyahoga County.

R. C. WRIGHT, AS AUDITOR, ETC., V. ROBERT DROEGE.

Decided, November 15, 1909.

*Constitutional Law—Local Conditions—Not a Ground for General En-*
*actments without Uniform Operation—Office and Officers—Section*
*1209a.*

That part of Section 1209a, Revised Statutes, providing for the appoint-
ment of a deputy coroner in all counties containing a city of the
first class of the second grade, is unconstitutional in that it is an
enactment of a general nature without uniform operation through-
out the state.

*J. A. Cline,* County Prosecutor, *W. D. Meals* and *Fielder San-*
*ders,* for plaintiff in error.
*Mooney & Mahon,* contra.

MARVIN, J.; HENRY, J., and WINCH, J., concur.

Error to the Court of Common Pleas.

The only question in this case is the constitutionality of so
much of Section 1209a of the Revised Statutes as reads:

"And the coroner in all counties having a city of the first
class of the second grade may appoint a deputy coroner, who
shall have power to do and perform all duties imposed by law
upon the coroner of said county in his absence, at a salary not
to exceed $1,500 per annum."     *     *     *

This statute was enacted prior to the enactment of the pres-
ent municipal code, and at a time when by the statutes of Ohio
there was a classification of cities. The only city of the grade
and class named in this statute is the city of Cleveland, and
therefore the only county affected by it is Cuyahoga county.

It is urged on behalf of the plaintiff in error that this enact-
ment contravenes Article II of Section 26 of the Constitution
of the state of Ohio, which reads:

"All laws of a general nature shall have a uniform opera-
tion throughout the state."     *     *     *

The petition in this case sets out that the city of Cleveland has a population composed largely of foreign born people; that it is a large city; that crimes of violence are frequent therein; that deaths from violence are greater in number in said city than in other parts of the state, and various other facts, which it is claimed on the part of the defendant in error, render legislation in regard to the coroner's office and assistants to the coroner proper for Cuyahoga county that would not be proper for any other part of the state.

We do not understand that these facts affect the question of whether the provisions of the statute under consideration are of a general nature. We have examined the carefully prepared brief of the defendant in error, but we are not in accord with the conclusion reached in such brief.

Especial attention is called to the language of the first clause of the syllabus in the case of *State, ex rel,* v. *Spellmire et al,* 67 Ohio St., 77, which reads:

"Whenever a law of a general nature having a uniform operation throughout the state, can be made fully to cover and provide for any given subject-matter, the legislation, as to such subject-matter, must be by general laws, and local or special laws can not be constitutionally enacted as to such subject-matter."

Applying this doctrine to the case at bar, it seems clear that the enactment under consideration is in contravention of this provision of the Constitution. The subject-matter of conducting public offices is surely of a general nature, and an enactment might very easily be made providing that in all counties having such characteristics, as it is said in the petition herein Cuyahoga county has, there should be a deputy coroner.

The result is that we reach the conclusion that there was error in the judgment of the court of common pleas, and the judgment is reversed, and proceeding to enter the judgment here which the court of common pleas should have entered, the petition of the plaintiff below is dismissed.